# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Sonia Lee LaSeur,
    Petitioner

vs.                               Case No. 1:05cv33
                                     (Dlott, J.; Black, M.J.)

Samuel Tambi,
    Respondent

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Hocking Correctional Facility in Nelsonville, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 6), filed on May 16, 2005, which has not been opposed by petitioner.

      In the motion to dismiss (Doc. 6), respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this action, petitioner is challenging his October 2002 conviction on an attempted rape charge and three counts of gross sexual imposition brought in the Warren County, Ohio, Court of Common Pleas. (*See* Doc. 2, p. 4; Doc. 6, Ex. 2). On October 15, 2002, petitioner was sentenced to consecutive terms of imprisonment of seven (7) years for the attempted rape offense and two (2) years on each of the gross sexual imposition counts, "for a total of thirteen (13) years in prison." (Doc. 6, Ex. 2).[1]

Petitioner appealed his conviction to the Ohio Court of Appeals, Twelfth Appellate District, claiming as assignments of error that the jury's verdict was based on insufficient evidence and was "against the manifest weight of the evidence." (*Id.,* Ex. 5). On July 21, 2003, the Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 7). Respondent states that petitioner did not attempt to appeal this decision to the Supreme Court of Ohio. (*Id.,* Brief, p. 2).

Over a year later, petitioner initiated the instant federal habeas corpus action. The petition was signed by petitioner on November 4, 2004 and was officially "filed" on February 1, 2005. (Doc. 2). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing. Therefore, absent evidence to the contrary, the Court assumes the petition

---

[1] On that same date, petitioner also was adjudicated to be a "sexual predator" required to register as a sex offender under Ohio Rev. Code Chapter 2950 upon his release from prison. (Doc. 6, Ex. 3).

was delivered to prison authorities and thus "filed" on November 4, 2004, the date petitioner signed it. *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

In the petition, petitioner alleges eight grounds for relief. (Doc. 2, pp. 7-10). He claims that he was denied a jury trial when the "jury was simply dismissed an hour or two into the alleged trial" (Ground One); he was unlawfully arrested without a proper warrant (Ground Two); he was denied a speedy trial (Ground Three); he was "denied the opportunity to present any evidence or witnesses in [his] defense" (Ground Four); his trial counsel was ineffective (Ground Five); inadmissible hearsay testimony was the only evidence presented against him (Ground Six); he was denied due process because he was "never once presented with any document(s) containing [his] real name" and "the corporate fiction STATE OF OHIO, cannot possibly have any authority over [him]" (Ground Seven); and he "is being held unlawfully in violation of the 13th Amendment" because "absolutely no legal proceeding exists anywhere bearing [his] actual name, and no liability to any statute has or can in fact ever be established, no lawful authority can possibl[]y exist for the seizure and enslavement of [his] body under color of law, for the benefit of domestic terrorists posing as lawful government" (Ground Eight). (*See id.*).

All of petitioner's claims for relief involve allegations of error occurring either before or during the criminal trial proceedings, which could have been discovered through the exercise of due diligence before the expiration of time for seeking direct review in the Ohio courts. Therefore, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Based on the present record, it appears that petitioner's conviction became "final" for statute of limitations purposes on September 4, 2003, when the forty-five (45) day period expired for filing an appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' July 21, 2003 direct appeal decision. *See* Rule II, § 2(A)(1)(a), of the Rules of Practice of the Supreme Court of Ohio. The statute of limitations began running the following day on September 5, 2003, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and ended one

year later on September 5, 2004 absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2).[2]  The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[3]  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.*[4]

In this case, petitioner took no further action after his direct appeal in the state courts before filing the instant federal habeas corpus petition.  Therefore, the tolling provision set forth in 28 U.S.C. § 2244(d)(2) was not triggered and, absent the application of equitable tolling principles, the instant petition "filed" in November 2004, two months after the statute of limitations had ceased running, is time-barred.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).  In determining

---

[2] *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[3] *See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000);  *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

[4] *Cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

4

whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner has not attempted to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the Court concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute commenced running on September 5, 2003 and expired on September 5, 2004. The petition, "filed" at the earliest on November 4, 2004, was submitted two months too late. Neither 28 U.S.C. § 2244(d)(2)'s tolling provision nor equitable tolling principles apply to permit review of petitioner's time-barred claims for relief. It is, therefore, RECOMMENDED that respondent's motion to dismiss (Doc. 6) be GRANTED, and petitioner's petition for writ of habeas corpus (Doc. 2) be DISMISSED with prejudice as time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be

DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

  2.  A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling."[5]

  3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  2/16/06         s/Timothy S. Black
  cbc            Timothy S. Black
             United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\05-33mtd-sol.grant.wpd

---

[5] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated any viable constitutional claims for relief in his habeas petition.  *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Sonia Lee LaSeur,
    Petitioner,

               v.

Samuel Tambi,
    Respondent.

Case No. 1:05cv33
(Dlott, J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).